IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JERRY WISE, ET AL., PLAINTIFFS

v. CIVIL ACTION NO. 3:03CV107-GHD-SAA

KANSAS CITY LIFE INSURANCE COMPANY, DEFENDANT

### ORDER

Before the court is defendant's motion (a) to compel plaintiffs to produce a solicitation letter in response to request for production number 2, and (b) to compel plaintiff Jack Cummings to testify and disclose the nature and substance of a June 2002 meeting with plaintiffs' counsel at which Cummings' wife was also present. The request for production seeks "any and all documents and/or written correspondence which [plaintiffs or their representatives] have mailed, faxed or otherwise sent to any individual who has maintained or currently maintains any life insurance policy with Kansas City Life." During depositions, several plaintiffs indicated they had not been dissatisfied with their insurance policies until they received written correspondence, which defendants has termed a "solicitation letter," from Mike Greer, one of plaintiffs' attorneys. Plaintiffs respond that no such letter can be found in possession of the plaintiffs or Mr. Greer, and they opine that the individuals who testified to having received solicitation letters "may have been mistaken and were in fact referring to the letters received after the establishment of the attorney-client relationship." (PLS.' RESP. TO DEF.'S MOT. TO COMPEL ¶ IA.) In her reply brief, defendant's counsel asks the court to compel plaintiffs' counsel to "produce the solicitation letter used in the Allianz lawsuit and which counsel opposite suggested was sent to some of the

plaintiffs in the present matter." (REPLY TO PLS.' RESP. TO DEF.'S MOT. TO COMPEL ¶ I.)

Upon due consideration of defendant's motion, the undersigned declines to order production of any letter generated during the course of unrelated litigation without a demonstration by defendant's counsel that the letter is reasonably calculated to lead to the discovery of admissible evidence in this case.[1] As for defendant's request for an inference that a solicitation letter was sent to the instant plaintiffs and contained erroneous information, selecting instructions to deliver to the jury is within the discretion of the trial judge.

Turning to the meeting that Mr. Greer conducted with Jack Cummings, defendant argues attorney-client privilege does not protect the content of the discussion at the meeting because Cummings' wife was also present. Defendant acknowledges, in a footnote in her brief, that privileged communications remain privileged if the third party present during the communications has a "common legal interest in the subject of the communication," *In re Santa Fe International Corp.*, 272 F.3d 705, 710 (5th Cir. 2002), but counsel contends Mr. and Mrs. Cummings did not have a common legal interest sufficient to preserve the privilege. Plaintiffs counter that "a husband and wife speaking confidentially with their attorney provide the Cummings with a valid common legal interest," especially since Mrs. Cummings was the sole beneficiary on her husband's life insurance policy. Plaintiffs cite no legal authority for this

---

[1] Defendant's counsel reads the January 27, 2005, letter from one of plaintiffs' attorneys, (MOT. TO COMPEL Ex. F), as positing that some of the plaintiffs "may have been thinking of a letter sent to them by Mike Greer regarding their Allianz policies." (MEM. BR. IN SUPP. OF MOT. TO COMPEL at 2.) The court does not draw the same supposition from the letter, in which plaintiffs' counsel simply states "It is Mike [Greer's] recollection that the plaintiffs in this case came to him through his representation of some of them in an earlier case with Alliance and others through referrals." (MOT. TO COMPEL Ex. F.) On the basis of this statement, the court cannot infer that any solicitation letter was mailed to plaintiffs in Allianz litigation, much less whether any such letter bears any relevance to the case at bar.

2

proposition, and defendant points out that "the two types of communications protected under the CLI privilege are: (1) communications between co-defendants in actual litigation and their counsel; and (2) communications between *potential* co-defendants and their counsel." *In re Sante Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (citations omitted).

Moreover, the court is not persuaded by plaintiffs' parallel argument that any disclosure of privileged information was merely inadvertent and should not operate as a waiver of the privilege. Privileges against disclosure are not absolute, and the party seeking protection bears the burden of proving that the privilege exists and was not waived. *See Maxey v. General Motors Corp.*, Civ. A. No. 3:95CV6-D-A, 1996 WL 737537, at *1 (N.D. Miss. Dec. 16, 1996) (citing *Cairns v. Oatman Mining & Exploration, Inc.*, 1988 WL 24136, at *1 (E.D. La. Mar. 8, 1988) ("The attorney-client privilege is not absolute and the proponent of the privilege bears the burden of demonstrating its applicability") (citing *Garner v. Wolfinbarger*, 430 F.2d 1093, 1100-01 (5th Cir. 1970), *cert. denied*, 401 U.S. 974 (1971))). Even where it applies, the attorney-client privilege should be narrowly construed because it works to withhold otherwise relevant information from the finder of fact. *See Fisher v. U.S.*, 425 U.S. 391, 403-04 (1976).

In order to conclude a disclosure of otherwise confidential information was inadvertent, the court must consider such factors as "the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." *Alldread v. City of Grenada*, 988 F.2d 1425, 1433 (5th Cir. 1993). In the case at bar, the court cannot determine, on the basis of the information before it, that Cummings' disclosure of confidential information in his wife's presence was inadvertent and does not justify waiver of the privilege, especially given that

Cummings' lawyer was present at the meeting and could have addressed the possibility of waiver if he so chose. Counsel does not appear to have taken reasonable steps to prevent disclosure, and without more information before the court on the remaining *Alldread* factors, the court must conclude that the inadvertent disclosure rule does not apply. Mr. Cummings may be questioned about the substance of the meeting with his counsel at which his wife was also present.

It is, therefore,

**ORDERED:**

That defendant's motion is granted in part and denied in part.

SO ORDERED, this the 25th day of May 2005.

                                            /s/ S. Allan Alexander
                                        UNITED STATES MAGISTRATE JUDGE