IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JERRY WISE; et al.                                                                              PLAINTIFFS

vs.                                                                                      No. 3:03CV107-D-A

KANSAS CITY LIFE
INSURANCE COMPANY                                                                         DEFENDANT

### OPINION DENYING DEFENDANT'S POST-TRIAL MOTION AND DENYING IN PART AND GRANTING IN PART PLAINTIFFS' POST-TRIAL MOTIONS

Presently before the court is the Plaintiffs' motion for new trial, the Plaintiffs' motion for attorneys' fees and other expenses, the Defendant's renewed motion for judgment as a matter of law, and the Plaintiffs' motion to strike. Upon due consideration, the court finds that the motions should be denied, with the exception of the Plaintiffs' motion for attorneys' fees and other expenses, which will be granted in part.

*A. Factual and Procedural Background*

In 1997 and 1998, the Plaintiffs separately purchased various life insurance policies from the Defendant Kansas City Life Insurance Company (Kansas City Life). The Plaintiffs purchased the subject policies through a Kansas City Life sales agent named Larry Nowlin.

The Plaintiffs filed this action in the Circuit Court of Pontotoc County, Mississippi, on December 31, 2002, alleging that the Defendant's conduct in connection with the Plaintiffs' insurance policies renders the Defendant liable under various state law causes of action including fraudulent misrepresentation. The case was then removed to this court, with the court later denying the Plaintiffs' motion to remand the case to state court. The Plaintiffs' claims were tried to a jury beginning on December 5, 2005; after a ten day trial, the jury returned a verdict in favor of the

Plaintiffs in varying amounts each, for a total award to the Plaintiffs of $333,792 in compensatory damages. Each of the Plaintiffs with the exception of Katherine Sparks Colbert received an award of compensatory damages, although the jury did find that the Defendant's conduct constituted fraud and gross negligence regarding all Plaintiffs, including Colbert. The jury returned a verdict in favor of the Defendant Kansas City Life on each of the Plaintiffs' claims for punitive damages; no punitive damage award was assessed in favor of any Plaintiff.

In the present motions, the Plaintiffs argue that a new trial should be held on the issue of punitive damages alone and that the Plaintiffs are entitled to an award of attorneys' fees and other costs.[1] The Defendant argues that it is entitled to a judgment as a matter of law on the Plaintiffs' claims.

## B. Standards for the Parties' Pending Motions

Rule 50 of the Federal Rules of Civil Procedure sets forth the standard for granting judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue. . . . In ruling on a renewed motion, the court may . . . allow the judgment to stand, order a new trial, or direct entry of judgment as a matter of law.

Fed. R. Civ. P. 50.

In applying this standard, the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all reasonable factual inferences in that party's favor, and leave

---

[1] The Plaintiffs have also filed a motion to strike the Defendant's rebuttal brief that it submitted in support of its renewed motion for judgment as a matter of law. Upon due consideration, the court summarily finds that this motion should be denied.

credibility determinations and the weighing of evidence to the jury. McCrary v. El Paso Energy Holdings, Inc., 209 F. Supp. 2d 649, 651 (N.D. Miss. 2002) (citing Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-50, 120 S.Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000)). The court should grant a motion for judgment as a matter of law only when "the facts and inferences point so strongly and overwhelmingly in favor of [the moving] party that the court believes that reasonable [jurors] could not arrive at a contrary verdict." Boeing Co. v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

As for the Plaintiffs' motion for a new trial, Rule 59 of the Federal Rules of Civil Procedure permits a trial court to grant a new trial based on that court's appraisal of the fairness of the trial and the reliability of the jury's verdict. The rule does not specify what grounds are necessary to support such a decision, but states only that the action may be taken "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a); Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A new trial may be granted, for example, if the district court finds that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in the course of the trial. The judgment will stand when the evidence presented at trial could reasonably support the jury's verdict. See, e.g., Eyre v. McDonough Power Equip., Inc., 755 F.2d 416, 420-21 (5th Cir. 1985); Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1241 (5th Cir. 1985). A motion for a new trial based on evidentiary grounds should not be granted unless, at a minimum, the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence. Carter v. Fenner, 136 F.3d 1000, 1010 (5th Cir. 1998).

As for the Plaintiffs' motion for attorneys' fees and other expenses, Mississippi (as well as

the federal courts of the United States), except in very limited circumstances described *infra*, has adopted what has become known as the "American Rule" in the handling of attorney fee requests. Huggins v. Wright, 774 So. 2d 408, 412 (Miss. 2000); Wildmon v. Berwick Universal Pictures, 803 F. Supp. 1167, 1178 (N.D. Miss. 1992). Unlike countries which follow the "English Rule," our courts do not routinely assess attorney fees against the losing party. See Aleyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L. Ed. 2d 141 (1975) (holding that, under American rule, each party must bear its own expenses during litigation, and that attorneys' fees are not ordinarily recoverable by prevailing litigant in absence of statutory authorization). The American Rule was recognized by the Supreme Court as early as 1796. Arcambel v. Wiseman, 3 U.S. 306, 1 L. Ed. 613 (1796). The Rule proscribes the award of attorneys' fees absent statutory authorization or particularly compelling circumstances. Rohm & Haas Co. v. Crystal Chem. Co., 736 F.2d 688, 690 (Fed. Cir. 1984). The policy behind the Rule is simple - to avoid penalizing a party "for merely defending or prosecuting a lawsuit." Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 718, 87 S.Ct. 1404, 1407, 18 L. Ed. 2d 475 (1967).

*C. Discussion*

1. Motion for New Trial

The Plaintiffs argue that they are entitled to a new trial on the issue of punitive damages because, *inter alia*, one of the two punitive damage instructions the court gave the jury was improper. As the Fifth Circuit has noted, in determining whether a particular jury instruction was erroneous, the court considers the jury charge as a whole, and an inadequate instruction merits reversal only when "the charge as a whole leaves [the court] with the substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." Septimus v. University of

4

Houston, 399 F.3d 601, 607 (5th Cir. 2005). For the following reasons, the court finds that the Plaintiffs' motion should be denied.

First, the Plaintiffs argue that Instruction D-66, which concerns punitive damages and was given to the jury in conjunction with Instruction P-41, was improper and prejudicially inflammatory. Specifically, the Plaintiffs argue that the statements "punitive damages are not favored in the law and are to be awarded with great caution and within limits" and the clear and convincing standard defined in D-66 are objectionable.

The court finds that the Plaintiffs' arguments are without merit because the language contained in D-66 is an accurate statement of Mississippi law regarding punitive damages. The statement that "punitive damages are not favored in the law and are to be awarded with great caution and within limits" is based on language contained in several Mississippi Supreme Court decisions in which the court discusses Mississippi's stance regarding the award of punitive damages in civil cases. See, e.g., Tideway Oil Programs, Inc. v. Serio, 431 So. 2d 454, 460 (Miss. 1983). The Plaintiffs also argue that the clear and convincing standard articulated in D-66 is erroneous. The language to which the Plaintiffs object is "[t]he evidence presented must be so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction." While the Plaintiffs do not dispute that clear and convincing evidence is required before an award of punitive damages may be awarded, they do object to the word "conviction" appearing in the instruction, surmising that the word conjures up images of criminal activity. The Fifth Circuit's own pattern civil instruction regarding clear and convincing evidence, however, utilizes the word "conviction." See Fifth Circuit Pattern Jury Instructions: Civil § 2.14 (2005) ("Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the matter at issue.").

5

Mississippi state courts have repeatedly utilized the word conviction in describing clear and convincing evidence as well. See, e.g., Johnson v. Bay City South Mortgage Co., 2005 WL 2496113, at *3 (Miss. Ct. App, Oct. 11, 2005); Sumler v. East Ford, Inc., 915 So. 2d 1081, 1088 (Miss. Ct. App. 2005). Thus, the court finds that this asserted ground for error is without merit.

The Plaintiffs next argue that the jury's award of no punitive damages in this case was against the overwhelming weight of the evidence. In so arguing, the Plaintiffs focus on the fact that the jury found the Defendant liable for fraud and gross negligence, but then failed to award the Plaintiffs punitive damages.

Under Mississippi law, there is no right to punitive damages and their award is discretionary with the finder of fact, which was the jury in this case. South Central Bell v. Epps, 509 So. 2d 886, 892-93 (Miss. 1987); Standard Life Ins. Co. of Ind. v. Veal, 354 So. 2d 239, 249 (Miss. 1978). Here, while the evidence, as noted *infra*, supported the jury's award of compensatory damages to the Plaintiffs, the court shall not disturb the jury's finding that an award of punitive damages was not warranted. The Plaintiffs were permitted to argue their case for punitive damages to the jury and did so. The Plaintiffs' requested jury instruction concerning awards of punitive damages (Instruction P-41) was given to the jury. The Plaintiffs have cited no cases where a Mississippi trial court granted a new trial on the issue of punitive damages based on the jury declining to award such damages.

Thus, the court finds that the jury's determination regarding punitive damages was supported by the evidence, and was not sufficiently prejudicial to warrant granting the Plaintiffs' motion for a new trial on the issue of punitive damages.

2. Motion for Judgment as a Matter of Law

The Defendant argues that it is entitled to judgment as a matter of law for several reasons, including that the Plaintiffs' claims are barred by the applicable statute of limitations, that the Plaintiffs did not present sufficient evidence at trial to prove fraud and gross negligence, and that the Plaintiffs failed to prove their damages with sufficient specificity.

Upon review, the court finds that the Defendant's motion for judgment as a matter of law should be denied. First, the court finds that the Plaintiffs presented sufficient evidence at trial to successfully toll the applicable statute of limitations on their claims, based on the doctrine of fraudulent concealment, which requires that the Plaintiffs establish (1) some affirmative act or conduct that prevented discovery of a claim, and (2) that due diligence was performed on the Plaintiffs' part to discover it. See Miss. Code Ann. § 15-1-67; Stephens v. Equitable Life Assur. Society of U. S., 850 So. 2d 78, 84 (Miss. 2003). At trial, the Plaintiffs testified in great detail that Nowlin misrepresented material facts at the time of sale, failed to leave policy illustrations with them, failed to deliver the subject policies, and did not permit the Plaintiffs to see annual reports, despite being asked to provide them. The Plaintiffs further testified as to the due diligence they performed concerning their policies, including that they requested copies of the policies and contacted Nowlin and the Defendant after realizing a possible problem with their policies. The court finds that these allegations are sufficient to toll the applicable statute of limitations on the Plaintiffs claims in accordance with Stephens; thus, this asserted ground for judgment as a matter of law in the Defendant's favor is without merit. See Phillips v. New England Mut. Life Ins. Co., 36 F. Supp. 2d 345, 349-50 (S.D. Miss. 1998) (similar allegations of fraudulent concealment by individual agent deemed sufficient to toll statute of limitations); Hignite v. American Gen. Life & Accident Ins. Co.,

142 F. Supp. 2d 785, 790-91 (N.D. Miss. 2001) (same); Smith v. Union Nat'l Life Ins. Co., 187 F. Supp. 2d 635, 653 (S.D. Miss. 2001).

Next, the Defendant asserts that it is entitled to judgment as a matter of law because the Plaintiffs failed to adequately prove the elements of fraud or gross negligence. In order to recover on a theory of fraud under Mississippi law, a plaintiff must prove the following nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury. Bank of Shaw v. Posey, 573 So. 2d 1355, 1362 (Miss. 1990). The Defendant argues that the Plaintiffs did not present sufficient evidence at trial to establish an actionable representation, a right to rely, nor injury.

Upon review, the court finds that the Defendant's contentions are without merit. The Plaintiffs' testimony at trial was that the Defendant's agent, Nowlin, misrepresented the policy terms and conditions to the Plaintiffs, falsely represented that the policies could serve as retirement funds, college savings funds, or pension plans, and represented to at least some Plaintiffs that their current insurer, Allianz, was in financial trouble due to pending legal actions and that they should therefore switch companies and take out life insurance policies with the Defendant. The Plaintiffs also adequately demonstrated the Nowlin knew or should have known that the statements were false and that he intended for the Plaintiffs to act on the false statements. In addition, the Plaintiffs testified that Nowlin did not leave a copy of any relevant documents with the Plaintiffs for them to read, nor did he provide them with copies of their policies, despite being asked to do so, thus preventing the Plaintiffs from discovering that his statements were false. The court finds that the Plaintiffs also

adequately demonstrated that they suffered injury as a direct result of the Defendant's fraudulent conduct. Thus, the court finds that the Defendant is not entitled to judgment as a matter of law on the Plaintiffs' claims of fraud.

As for the Plaintiffs' claims of gross negligence for failure to train and/or supervise, the court finds that adequate evidence was submitted in support of the Plaintiffs' claims. The Plaintiffs introduced evidence at trial demonstrating that the Defendant was aware that Nowlin had failed to deliver the insurance policies to the Plaintiffs, and that exceptions were made to ensure that he was paid a commission for at least some of the policies into which he "twisted" the Plaintiffs. The Plaintiffs' expert, Dr. Tim Ryles, also provided testimony that permitted the jury to reasonably find that the Defendant failed to properly supervise and discipline Nowlin, despite being aware of his actions. In light of this trial testimony, the court finds that the Defendant's motion for judgment as a matter of law as to the Plaintiffs' claims for gross negligence is without merit.

Finally, the Defendant asserts that the Plaintiffs did not present any reliable evidence regarding their actual or their emotional distress damages, and thus the Defendant is entitled to judgment as a matter of law on the question of damages.

The issue of damages in a diversity action such as this one is governed by state law. Peters v. T.G.& Y. Stores Co., 707 F.2d 227, 229 (5th Cir. 1983). Speculative future damages are not recoverable, and demonstrating injury is a necessary element of a fraud claim. Ready-mix Concrete v. Perry, 123 So. 2d 241, 246 (Miss. 1960); Koury v. Ready, 911 So. 2d 441, 446 (Miss. 2005). In addition, the Plaintiffs carry the burden of proving their damages with reasonable certainty, and expert economist testimony is often preferred in cases involving the present value of future damages. Adams v. U.S. Homecrafters, Inc., 744 So. 2d 736, 740 (Miss. 1999); AmSouth Bank v. Gupta, 838

9

So. 2d 205, 221 (Miss. 2002). As the Plaintiffs properly note, however, "the right to recover is not precluded by uncertainty regarding the exact amount of damages." Fred's Stores, Inc. v. M & H Drugs, Inc., 725 So. 2d 902, 914-15 (Miss. 1998); Progressive Cas. Ins. v. All Care, Inc., 914 So. 2d 214, 223 (Miss. Ct. App. 2005).

The court finds that the evidence presented at trial by the Plaintiffs regarding their actual damages, while not presented through expert economist testimony, was sufficient to demonstrate to the jury a "benefit of the bargain" damage calculation, and allowed the jury to reasonably ascertain the actual damages suffered by the Plaintiffs. As the jury was instructed by the court prior to entering deliberations, the benefit of the bargain rule provides that each Plaintiff is entitled to receive the value that he would have received if the insurance premium paid, and benefit received, for his policy was as represented by the Defendant's agent, Nowlin. The Plaintiffs presented evidence at trial concerning each Plaintiff's individual situation and how each failed to receive the value that was promised by Nowlin. The court finds that this damages formula was sufficient to permit the jury to accurately calculate each Plaintiff's actual damages, even though the testimony was not presented by an expert economist.

As for emotional distress damages, it has been repeatedly emphasized that "hurt feelings, anger and frustration are part of life," and are not the types of harm that can support a mental anguish award. Patterson v. P.H.P. Healthcare Corp., 90 F.3d 927, 940 (5th Cir. 1996). Instead, there must be "a specific discernable injury to the claimant's emotional state" proven with evidence regarding the "nature and extent of the harm." Vadie v. Mississippi State Univ., 218 F.3d 365, 376 (5th Cir. 2000). In this regard, a plaintiff is not absolutely required to offer corroborating testimony or medical evidence in support of her emotional injuries; however, while a plaintiff's own testimony

10

can be sufficient to support an emotional damages award, such a demonstration may be worthy of only a modest damages award. Vadie, 218 F.3d at 376-77 (remitting emotional distress damages award from $300,000 to $10,000); Hitt v. Connell, 301 F.3d 240, 250 (5th Cir. 2002). Neither conclusory statements that a plaintiff suffered emotional distress nor the fact that a constitutional violation occurred will necessarily support an award of damages for emotional distress. Hitt, 301 F.3d at 250. Here, the Plaintiffs testified that they suffered emotional distress as a result of the Defendant's actions, including excessive worrying and lost sleep, although none of the Plaintiffs sought medical help or received medical attention for emotional problems. The court finds that this testimony is sufficient to support a modest emotional distress award in favor of each Plaintiff, which is what the jury awarded. None of the Plaintiffs received a large emotional distress award, and one Plaintiff (Colbert) received no award. Vadie, 218 F.3d at 376-77.

For all of the above-denoted reasons, the court finds that there was a legally sufficient evidentiary basis for a reasonable jury to find for the Plaintiffs on their claims for fraud and gross negligence, as well as damages. The facts and inferences do not point "so strongly and overwhelmingly in favor of [the Defendant] that the court believes that reasonable [jurors] could not arrive at a contrary verdict." Boeing Co., 411 F.2d at 374. Thus, the Defendant's motion for judgment as a matter of law shall be denied.

### 3. Motion for Attorneys' Fees and Expenses

Finally, the Plaintiffs move for an award of attorneys' fees, expert fees, and other expenses of litigation. With the exception of an award of costs such as is routinely awarded to all prevailing parties in federal litigation, the court finds that the motion should be denied.

As noted above, Mississippi, except in very limited circumstances, has adopted what has

become known as the American Rule in the handling of attorney fee requests and thus does not normally assess attorney fees against the losing party. Huggins, 774 So. 2d at 412; Wildmon, 803 F. Supp. at 1178. Under the American Rule, awards of attorneys' fees absent statutory authorization or particularly compelling circumstances are normally proscribed. Rohm & Haas Co., 736 F.2d at 690.

In the case *sub judice*, no contractual or statutory provision exists providing for an award of attorney fees. Mississippi has, however, carved out a very narrow exception to the American Rule in limited circumstances. Universal Life Ins. Co. v. Veasley, 610 So. 2d 290, 295 (Miss. 1992). The Veasley exception applies in bad faith insurance cases where the defendant insurer lacked an arguable basis for denying a claim and failed to pay the claim; in such cases, an award of attorneys' fees to a prevailing plaintiff may be appropriate even if the fact-finder did not award punitive damages. Veasley, 610 So. 2d at 295. The Veasley exception has recently been broadened by the Mississippi Supreme Court to include an award of accounting fees in a breach of contract case in which exceptional circumstances existed. Allred v. Fairchild, 916 So. 2d 529, 532-33 (Miss. 2005).

The court finds that this case does not fall within the Veasley exception; this is not an insurance case involving an insurer's bad faith failure to pay benefits, nor is it a case involving exceptional circumstances. While the jury did find the Defendant liable for fraud and gross negligence, that fact alone is insufficient to remove the case from the dictates of the American Rule regarding fee requests and the court finds that such an award is not warranted in this case. See also Terex Corp. v. Ingalls Shipbuilding, Inc., 671 So. 2d 1316, 1324-25 (Miss. 1996); Willard v. Paracelsus Health Care Corp., 681 So. 2d 539, 544-45 (Miss. 1996). Thus, the Plaintiffs' motion for an award of attorneys' fees is denied.

The Plaintiffs also request an award of expert fees and other expenses of litigation pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Uniform Local Rule 54.2, and 28 U.S.C. §§ 1821, 1920. Rule 54(d) provides, in pertinent part, that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . ." Fed. R. Civ. P. 54(d). So while the Plaintiffs, as the prevailing party in the compensatory phase of this trial, are entitled to an award of costs, the Supreme Court has held that Rule 54(d) limits the types of costs that may be awarded to a prevailing party to those specifically denoted in 28 U.S.C. §1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497-98, 96 L. Ed. 2d 385 (1987); Gaddis v. United States, 381 F.3d 444, 450 (5th Cir. 2004). In addition, 28 U.S.C. §1821 limits the amount that may be awarded as expert witness fees to $40 per day. Crawford Fitting, 482 U.S. at 444-45; Gaddis, 381 F.3d at 450; United States ex rel. Wallace v. Flintco Inc., 143 F.3d 955, 972 (5th Cir. 1998). The court finds that, as the prevailing party in the compensatory damages phase of this action, the Plaintiffs are entitled to an award of costs in accordance with the above-denoted authorities. As such, the Plaintiffs shall submit a Bill of Costs to the Clerk of this court within thirty days of the date of this opinion and order, listing any incurred costs denoted in 28 U.S.C. §1920. The Defendant shall then be permitted a period of ten days in order to object to any costs it deems objectionable.

### *D. Conclusion*

In sum, the court finds that the Defendant's renewed motion for judgment as a matter of law is denied; the Plaintiffs' motion for new trial and motion to strike are denied; and the Plaintiffs' motion for attorneys' fees and other expenses is granted in part, with the Plaintiffs being awarded

13

costs in accordance with 28 U.S.C. §1920.

A separate order in accordance with this opinion shall issue this day.

This the 2nd day of June 2006.

/s/ Glen H. Davidson
Chief Judge